IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 5:12-808 |
| v. | |
| JOSE NICANOR ESCOBAR-LOPEZ | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 25 day of March, 2013, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney JD Rowell; the Defendant, **JOSE NICANOR ESCOBAR-LOPEZ**, and Defendant's attorney, Mark R. Calhoun.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count One of the Superseding Indictment now pending, which charges "knowingly and intentionally did combine, conspire and agree together and have tacit understanding with each other, Ronnie Porter, George Torres and others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and distribute cocaine, a Schedule II controlled substance, and/or marijuana, a Schedule I controlled substance, said conspiracy involving 5 kilograms or more of a mixture and

-1-

substance containing a detectable amount of cocaine and/or 1000 kilograms or more of marijuana," a violation of Title 21, United States Code, § 846.

In order to sustain its burden of proof, the Government is required to prove the following:

### Count One

1. The conspiracy described in the Indictment to distribute the charged amount of controlled substances was willfully formed and was existing at or about the alleged time;

2. The defendant willfully became a member of the conspiracy; and

3. The defendant distributed a quantity of a controlled substance(s) equal to or in excess of the amount charged in Count 1, agreed to assist in the distribution of a quantity of controlled substance(s) equal to or in excess of the amount charged in Count 1, or the distribution of the threshold quantity of controlled substance(s) equal to or in excess of the amount charged in Count 1 was reasonably foreseeable to the defendant and same was within the scope of the defendant's agreement and understanding.

The penalty for this offense is:

21 USC 841(a)(1), (b)(1)(A) - in a case involving 5 kilograms or more of cocaine and/or 1000 kilograms or more of marijuana and no prior felony drug convictions - a minimum term of imprisonment of 10 years and a maximum term of life imprisonment, no probation, no parole, a fine of $10,000,000 and a term of supervised release of at least ten (10) years in addition to any term of imprisonment, plus a special assessment of $100.

**OR**

21 USC 841(a)(1), (b)(1)(A) - in a case involving 5 kilograms or more of cocaine and/or 1000 kilograms or more of marijuana and one prior felony drug conviction - a minimum term of

imprisonment of 20 years and a maximum term of life imprisonment, no probation, no parole, a fine of $20,000,000 and a term of supervised release of at least ten (10) years in addition to any term of imprisonment, plus a special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is

-3-

convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

    C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Superseding Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

-4-

4. Defendant understands that if Defendant is not a United States citizen, the felony conviction in this case may subject Defendant to removal, also known as deportation, which may, under some circumstances, be mandatory. The court cannot, and Defendant's attorney also may not be able to, advise Defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that by entering a guilty plea defendant waives any claim that unexpected immigration consequences may render Defendant's guilty plea invalid.

5. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

6. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by

providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    a.   the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

    b.   all additional charges known to the Government may be filed in the appropriate district;

  c. the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

  d. the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

7. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

8. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this

paragraph shall not be applied to restrict any such information:

    a.   known to the Government prior to the date of this Agreement;

    b.   concerning the existence of prior convictions and sentences;

    c.   in a prosecution for perjury or giving a false statement; or

    d.   in the event the Defendant breaches any of the terms of the Plea Agreement.

9. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his plea.

10. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America

of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a money judgment in the amount of **$1,000,000.00**, representing the amount of gross proceeds of the offense(s) of conviction.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence. The Defendant understands that he is jointly and severally liable for payment of the money judgment, along with any co-defendants against whom a money judgment is imposed.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to take all steps necessary to assist the government in obtaining clear

-9-

title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

### Merger and Other Provisions

11. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Superseding Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his

silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

12. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

13. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

<u>5-25-13</u>                  <u>/s/ Jose Escobar</u>
Date                            **JOSE NICANOR ESCOBAR-LOPEZ**, DEFENDANT

<u>5-25-13</u>                  <u>/s/ Mark Cal</u>
Date                            Mark R. Calhoun
                                Attorney for Defendant


                                WILLIAM N. NETTLES
                                UNITED STATES ATTORNEY

<u>4-1-13</u>                   <u>/s/ JD Rowell</u>
Date                            JD ROWELL (#9802)
                                ASSISTANT UNITED STATES ATTORNEY