IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jose Nicanor Escobar Lopez, ) | |
| ) | Cr. No. 5:12-808 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

Movant Jose Nicanor Escobar Lopez is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI Oakdale II in Oakdale, Louisiana. On October 24, 2016, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. He filed an amended § 2255 motion on April 11, 2017.

This matter is before the court on motion of Respondent United States of America for summary judgment, which motion was filed on June 8, 2017. On June 9, 2017, the court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing Movant of the summary judgment procedures and the consequences of not responding adequately. Movant filed a response on December 18, 2017.

I. FACTS

Movant was charged on February 6, 2013, with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), all in violation of 21 U.S.C. § 846 (Count 1); and possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation

of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 11). On February 21, 2013, Respondent filed an Information pursuant to 21 U.S.C. § 851 in which it notified Movant that he was subject to increased penalties under § 841(b)(1)(A) based upon a conviction on April 25, 1997, for possession, purchase, for sale narcotic, controlled substance in Central Court, Los Angeles, California.

On May 29, 2013, Movant pleaded guilty to Count 1 of the indictment. The United States Probation Office (USPO) prepared a presentence investigation report (PSR). The PSR reflected a criminal history score of 0 and a criminal history category of I. Movant's base offense level was 32; however, because he was entitled to an adjustment under U.S.S.G. § 3B1.2 (mitigating role), his base offense level became 30. Movant received a 3-level reduction under § 3B1.2 for his role in the offense, as well as a 3-level reduction for acceptance of responsibility pursuant to § 3E1.1(a), for a total offense level of 24. Movant's statutory sentence based upon the 1997 conviction became 20 years to life. Absent the statutory minimum sentence, Movant's guideline range would have been 51 to 53 months.

Movant filed objections to the PSR. Movant asserted that, as to the 1997 conviction, he was sentenced to 265 days in jail, with 3 years of probation, and therefore the 1997 conviction did not comprise a felony drug offense pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (holding that a prior conviction for which a defendant could not have received more than one year in prison does not qualify as a felony offense under federal law). The court overruled Movant's objection, noting that, pursuant to California law in effect at the time of the offense, Movant had been subject to "two, three, or four years." Cal. Penal Code § 11351.

Movant was sentenced on March 3, 2014, to 240 months. Judgment was entered on March 12, 2014. Movant filed a notice of appeal on March 13, 2014. On appeal, appellate counsel filed

a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he raised for review the issue whether Respondent had proved Movant's 1997 conviction was a felony drug offense for the purposes of applying an enhanced sentence under § 841(b)(1)(A), Movant also filed a pro se supplemental brief, arguing, among other things, that his enhanced sentence violated Simmons. On July 6, 2015, the Court of Appeals for the Fourth Circuit issued an opinion in which it found that Movant was subject to up to four years' imprisonment for the 1997 conviction, and thus the 1997 conviction met the definition of a felony drug offense, as defined in 21 U.S.C. § 802(44).[1] Thus, the Fourth Circuit affirmed the judgment. See United States v. Escobar-Lopez, 609 F. App'x 160 (4th Cir. 2015).

In Movant's § 2255 motion filed on October 24, 2016, Movant stated the following grounds for relief:

> GROUND ONE: Statutory Minimum Sentence of 20 Years Imposed Under §§ 841(a)(1)(b) and 851 May Exceed the Maximum Sentence Authorized by Law.
>
> GROUND TWO: Enhanced 20 Years Sentence Under §§ 841(a)(1)(B) and 851 Due to Ineffective Assistance of Counsel. U.S. Const. a. Sixth

In his amended § 2255 motion, Movant elected to pursue only Ground One.

## II. DISCUSSION

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to collaterally attack a conviction or sentence based upon

---

[1] Section 841(b)(1) currently uses the term "serious drug felony."

errors that could have been but were not pursued on direct appeal, a movant must show either (1) cause and actual prejudice resulting from the errors complained of, or (2) that he is "actually innocent." McKinney v. United States, Civil Case No. 1:16-cv-00149-MR, Criminal Case No. 1:12-cr-00085 (MR-DLH-1), 2020 WL 475196, *4 (W.D.N.C. Jan. 29, 2020)(citing United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)). In the context of procedural default, the term "actual innocence" refers to "actual innocence, not mere legal insufficiency." Id. (citing Bousley v. United States, 523 U.S. 614, 621 (1998)).

Movant asserts his sentence imposed pursuant to the statutory minimum of 20 years under 21 U.S.C. §§ 841(a)(1) and (B)(1)(A) and 851 exceeds the maximum legal sentence authorized because the 1997 conviction triggering the enhanced sentence has been expunged. Movant asserts that he is now actually and factually innocent of the prior conviction used to enhance his statutory minimum sentence. The court disagrees.

Movant informs the court that on October 26, 2016, the Superior Court of California, Los Angeles District, granted his motion under Cal. Penal Code § 1203.4 to withdraw his previous plea of guilty as to the 1997 conviction and to enter a plea of not guilty. The superior court thereafter issued a new judgment dismissing the information and ordering the 1997 conviction expunged from the record.

Cal. Penal Code § 1203.4 provides, in relevant part:

(a)(1) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the

4

court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted[.] . . . However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. . . .

Contrary to Movant's arguments, Movant's expungement under § 1203.4 did not alter the legality of the conviction or establish Movant's actual innocence. "'The expunging of the record of conviction [under section 1203.4] is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation.'" People v. Moreno, 231 Cal. Rptr. 3d 527-28 (2014) (quoting People v. Chandler, 250 Cal. Rptr. 730, 734 (1988)). "'When convictions are set aside for reasons other than innocence or errors of law, such as to restore civil rights or remove the stigma of a criminal conviction, those convictions are counted for criminal history purposes.'" United States v. Singleton, 624 F. Supp. 2d 520, 527 (W.D. Va. 2009) (quoting United States v. Hines, 133 F.3d 1360, 1363 (10th Cir. 1998)). Here, Movant's sentence was expunged because of an act of grace granted by the California legislature to aid rehabilitated former offenders to more fully integrate back into society. Movant's contentions are without merit.

### III. CONCLUSION

For the reasons stated, Respondent's motion for summary judgment (ECF No. 728) is **granted**. Movant's § 2255 motions (ECF Nos. 713, 720) are **denied**.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons set forth hereinabove. Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

                                        /s/ Margaret B. Seymour
                                        Senior United States District Judge

Columbia, South Carolina

March 5, 2020